# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

U.S.A. vs. Joshua Allen Page                                    Docket No. 5:09-CR-191-1BO

## Petition for Action on Supervised Release

COMES NOW Debbie W. Starling, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Joshua Allen Page, who, upon an earlier plea of guilty to Conspiracy to Possess With Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii), was sentenced in the Middle District of Florida by the Honorable James S. Moody, Jr., U.S. District Judge, on December 9, 2003, to the custody of the Bureau of Prisons for a term of 79 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 48 months under the standard conditions adopted by the court and the following additional conditions:

1.  The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient)for the treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

2.  The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Officer's Sliding Scale for Mental Health Treatment Services.

3.  The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within the first 15 days of placement on probation and at least two periodic drug tests thereafter as directed by the probation officer.

Joshua Allen Page was released from custody on February 26, 2009, at which time the term of supervised release commenced in the Eastern District of North Carolina. On June 25, 2009, transfer of jurisdiction was accepted by the Eastern District of North Carolina. On July 9, 2009, the defendant's conditions of release were modified to include two days in jail and DROPS, second use level, as a result of drug use and criminal conduct. On October 14, 2009, a second use level DROPS Sanction Report was submitted to the court based upon drug use.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On January 5, 2010, a third use level DROPS Sanction Report was submitted to the court based upon drug use. A jail designation was subsequently received from the Bureau of Prisons. However, the placement was terminated due to the defendant's failure to report

as scheduled due to work-related and family issues. The defendant is currently employed on a full-time basis and has gained joint custody of his minor child. In an effort to allow the defendant to maintain his employment and adhere to the visitation schedule with his daughter, it is respectfully requested that in lieu of the 10-day DROPS sanction, that the defendant be placed on home detention supported by electronic monitoring, for a period of 30 days.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 30 consecutive days (in lieu of 10-day DROPS Sanction). The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Robert L. Thornton
Robert L. Thornton
Supervising U.S. Probation Officer

/s/ Debbie W. Starling
Debbie W. Starling
U.S. Probation Officer
310 Dick Street
Fayetteville, NC 28301-5730
Phone: (910) 483-8613
Executed On: June 7, 2010

## ORDER OF COURT

Considered and ordered this ___9___ day of ___June___, 2010, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge